FILED
2021 APR 14 AM 11:07
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ESTATE OF BYRON WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>SALT LAKE COUNTY, WEST VALLEY CITY, and DOES 1–20,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION TO AMEND COMPLAINT**<br><br>Case No. 2:19-cv-00128-JNP<br><br>District Judge Jill N. Parrish |

## INTRODUCTION

Before the court is a Motion to Amend Complaint (ECF No. 29) pursuant to Federal Rule of Civil Procedure 15(a) filed by the Estate of Byron Williams ("Plaintiff"). Plaintiff's Proposed Amended Complaint asserts two causes of action that are nearly identical to those in its original Complaint and adds a third cause of action asserting a violation of the Constitution's Equal Protection Clause. *See* ECF No. 29-1. Defendant West Valley City ("Defendant" or the "City") opposes the motion, arguing that because the court previously dismissed this action without prejudice, *see* ECF Nos. 27, 28, Plaintiff may not amend its Complaint. Rather, due to the dismissal without prejudice, the City argues that Plaintiff is required to file a new lawsuit. It argues in the alternative that if the court does allow Plaintiff to amend the Complaint, it should not allow Plaintiff to plead the claims identical to ones already dismissed. For the reasons set forth herein, the court GRANTS IN PART Plaintiff's motion.

## DISCUSSION

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party may amend its pleading "with the court's leave" and that "[t]he court should freely give leave when justice so requires." The Tenth Circuit has explained that "[t]he purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (citation omitted). And while the court dismissed this action without prejudice, the Tenth Circuit has stated that "finality is to be given a practical rather than a technical construction." *Spring Creek Expl. & Prod. Co., LLC*, v. *Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1015 (10th Cir. 2018) (citation omitted). Further, "[t]he grant of leave to amend the pleadings . . . is within the discretion of the trial court." *Minter*, 451 F.3d at 1204. Based on these authorities, the court concludes that it may allow Plaintiff to amend its Complaint, notwithstanding the entry of judgment dismissing this action.

The court now addresses the issue of Plaintiff's first two causes of action in its Proposed Amended Complaint. Defendant argues that Plaintiff should not be allowed to include these causes of action in its amended complaint because a "district court may deny leave to amend where amendment would be futile," and "[a] proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Bradely v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). Because Plaintiff's first two causes of action are identical to the former ones that this court dismissed, they would likewise be subject to dismissal. Plaintiff responds that if it is not allowed to replead the original claims, it may lose its right to appeal their dismissal.

Plaintiff ignores clear Tenth Circuit precedent on this issue. In *Davis v. TXO Production Corp.*, 929 F2d. 1515, 1516–18 (10th Cir. 1991), the Tenth Circuit specifically rejected the notion

2

that a party waives its right to appeal the dismissal of a claim in a prior pleading when it fails to include that claim in an amended pleading. Rather, the court held that a party need not "reallege a cause of action on which the district court has conclusively ruled" in order to preserve its right to appeal that conclusive ruling. *Id.* at 1518. The *Davis* court noted that "[t]he district court's dismissal of the claim made clear that any attempt by appellant to reallege that claim would be futile." *Id.* Likewise, any attempt by Plaintiff in this case to reallege its previously dismissed claims would be futile. Allowing Plaintiff to reassert its previously dismissed claims would only result in wasted time and duplicative litigation. Accordingly, the court will only allow Plaintiff to assert its new (third) cause of action in its amended complaint; doing so will not affect Plaintiff's right to appeal the dismissal of its first two causes of action.

## CONCLUSION AND ORDER

Plaintiff's Motion to Amend Complaint is GRANTED IN PART. Plaintiff may file an amended complaint containing only the third cause of action contained in its Proposed Amended Complaint. The Amended Complaint must be filed within ten (10) days of this Order.

DATED April 14, 2021.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge

3